IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**AIX SPECIALITY INS. CO.,**                                              **PLAINTIFF**

vs.                                         CIVIL ACTION NO.: 3:15-CV-836-HTW-LRA

**PEBBLE CREEK HOLDINGS, LLC;
B&B MANAGEMENT GROUP, LLC;
ANTONIA HARRISON, INDIVIDUALLY
AND ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES OF
FREDERICK WILLIAMS, JR., (DECEASED);
and JOHN DOES 1-20.**                                                **DEFENDANTS**

## ORDER

BEFORE THIS COURT are three interrelated motions: defendant B & B Management Group, LLC's Motion to Dismiss **[Docket no. 4]**; defendant Pebble Creek Holdings, LLC's Motion to Dismiss **[Docket no. 5]**; and plaintiff AIX Specialty Ins. Co.'s Motion for Leave to File Amended Complaint **[Docket no. 14]**. Defendant Antonia Harrison joined in both motions to dismiss [Docket no. 7].

Both motions to dismiss, at core, center on a certain state court lawsuit, commenced before the filing of the instant complaint in this federal forum. The movant defendants herein contend that, all of the rights of the respective parties herein are being litigated in that state court law suit on the identical issues presented *sub judice*. Arguing that this parallel state court litigation ultimately will resolve this entire litigation here, defendants Pebble Creek Holdings, Inc. and B&B Management Group, LLC ask this court, on the authority of *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) to dismiss the present action.

Plaintiff AIX opposes this approach, campaigning that *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) should control this court's decision.

1

Under that scenario, this court would abstain from ruling on this case either by dismissing the litigation, or by staying this federal lawsuit pending the outcome of the state court litigation.

AIX' Motion for Leave to File Amended Complaint **[Docket no. 14]** contains AIX' request to amend its complaint to rescind its claims for attorney's fees and costs in its *ad damnum* clause.

This court carefully has studied the motions and the triggering law and now announces its decision on the motions urged. For the following reasons, this court finds the Motions to Dismiss not well-taken and, therefore, DENIES both **[Docket nos. 4 & 5]**.

After reviewing the pleadings of the parties, and the relevant jurisprudence, this court is persuaded that AIX' Motion for Leave to File Amended Complaint **[Docket no. 14]** is well-taken. Therefore, for the reasons stated *infra* this court GRANTS AIX' Motion for Leave to File Amended Complaint **[Docket no. 14]**.

## I. PARTIES

Plaintiffs AIX Specialty Insurance Company (hereinafter referred to as "AIX") is a Delaware corporation with its principle place of business in Connecticut. AIX specializes in insurance coverage.

Defendant Pebble Creek Holdings, LLC (hereinafter referred to as "Pebble Creek") is a Mississippi limited liability company with its principle place of business in California. Pebble Creek is alleged to be the owner of the Pebble Creek Apartments in Jackson, Mississippi.

Defendant B & B Management Group, LLC (hereinafter referred to as "B&B") is a Mississippi limited liability company with its principle place of business in Mississippi. B&B is alleged to be the management company for the Pebble Creek Apartments.

Defendant Antonia Harrison (hereinafter referred to as "Harrison") is an adult resident of Hinds County, Mississippi. It is unclear from the pleadings in the state court lawsuit [Docket no. 4-1], or the pleadings in the instant lawsuit, how Harrison is related to the decedent, Frederick Williams. It is clear, however, that Harrison is suing and defending in her own behalf and as a wrongful death beneficiary of Frederick Williams.

## II.     JURISDICTION

This court is tasked initially with determining whether it has subject matter jurisdiction. AIX, in its complaint, alleges this court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332[1]. [Docket no., 1 ¶7]. The defendants have not challenged this assertion of AIX. Even so, a federal court must *sua sponte* confirm its subject matter jurisdiction, since federal courts possess limited subject matter jurisdiction.[2] Having made that independent assessment, this court finds the parties are completely diverse and that the minimum amount in controversy[3] mandated by 28 U.S.C. § 1332 is present; therefore, this court finds it possesses diversity subject matter jurisdiction under § 1332.

---

[1] (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

    (1) citizens of different States;

28 U.S.C.A. § 1332 (West).

[2] "Federal courts are obliged to examine the basis for the exercise of federal subject-matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A federal district court may examine its subject-matter jurisdiction over a matter, *sua sponte*, at any time. *Giles v. Nylcare Health Plans, Inc*., 172 F.3d 332, 336 (5th Cir. 1999) (a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2007). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.' (emphasis added)."

*Dean v. Mozingo*, 521 F. Supp. 2d 541, 551 (S.D. Miss. 2007)(overturned on other grounds).

[3] AIX has alleged the following: that the amount in controversy in this declaratory action lawsuit is greater than $75,000; that the policy limits are $1,000,000

### III.    FACTS

On February 6, 2012, AIX issued to Pebble Creek an insurance policy numbered IPZ-CL-0020157-0, styled Commercial General Liability, covering the apartments and pool area located at 5255 Manhattan Road, Jackson, Mississippi. The policy in question was in effect from February 6, 2012 through February 6, 2013. The policy afforded coverage to Pebble Creek with $1,000,000 in liability limits for each occurrence. [Docket no. 1, ¶ 9].

On July 4, 2012, Frederick Williams (referred to hereinafter as "Williams") was shot and killed while visiting his friends who lived at Pebble Creek Apartments. [Docket no. 1, ¶ 11]. Supposedly, Harrison subsequently, on July 3, 2015, filed a lawsuit in the Circuit Court of Hinds County, Mississippi against Pebble Creek and B&B (hereinafter referred to as "State Lawsuit"). [Docket no. 1, ¶ 10; and Docket no. 1-2].

In her State Lawsuit, anchored in a legal theory of premises liability, Harrison alleged B&B and Pebble Creek knew or should have known that the apartment complex had inadequate security which constituted an unreasonably unsafe and dangerous environment and a magnet for criminal activity. [Docket no. 1, ¶ 11]. Harrison further alleged Pebble Creek and B&B had failed to exercise ordinary care to make the apartment complex reasonably safe, a negligent omission which proximately led to the untimely death of Williams. [Docket no. 1, ¶ 11].

Defendants Pebble Creek and B&B responded to the State Lawsuit and later, on August 17, 2015, notified AIX, the insurance carrier, of the State Lawsuit. On November 10, 2015, AIX tendered a letter to Pebble Creek and B&B, stating within that it would provide Pebble Creek and B&B with a defense, reserving the right[4] to deny coverage. [Docket nos. 4 & 5].

---

[4] Reservation-of-rights letter (1950) Insurance. A notice of an insurer's intention not to waive its contractual rights to contest coverage or to apply an exclusion that negates an insured's claim. — Abbr. ROR letter. — Also termed reservation of rights.

4

Then, nine days later, on November 19, 2015, AIX filed a lawsuit in this federal forum seeking a declaratory judgment whether, under the circumstances, the insurance policy in question provides any coverage for the death of Williams. [Docket nos. 4 & 5].

AIX's counsel emailed a copy of this lawsuit to the attorney for the defendants in the State Lawsuit on December 9, 2015. [Docket nos. 4 & 5]. The Defendants Pebble Creek and B&B, responded by filing a motion, on December 12, 2015, in the State Lawsuit, requesting leave to file a third party complaint against AIX. [Docket nos. 4 & 5]. The state court judge granted that motion on December 18, 2015, and, thereafter, the defendants filed their third party complaint on December 21, 2015. [Docket nos. 4 & 5]. AIX did not respond to the state court proceedings until January 19, 2016. [Docket nos. 4 & 5].

## IV.   ARGUMENT

A. *Motions To Dismiss* **[Docket nos. 4 & 5]**

The defendants urge this court to apply its discretion as announced in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942). When determining a dismissal under *Brillhart*, this court must ascertain whether the questions in a federal suit for a declaration of rights would be better settled in a state court proceeding. *Id*. If this court were to apply *Brillhart*, it would have to dismiss this federal lawsuit in favor of the state lawsuit.

*Brillhart* requires this court to balance seven (7) factors:

Relevant factors the district court must consider in determining whether to dismiss a declaratory judgment, include:
"[1]whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient

---

RESERVATION-OF-RIGHTS LETTER, Black's Law Dictionary (10th ed. 2014).

> forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy,"

and, we hold, whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994)(*Quoting Travelers Ins. Co. v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 778 n.12 (5th Cir. 1993)).

AIX campaigns that *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) controls this case, not *Brillhart*. AIX argues that because they have also included, in their prayer for relief, a request for attorney's fees and costs, along with a request for injunctive relief, that the lawsuit *sub judice* is not purely declaratory[5], as it seeks costs and attorney fees. Should this court find that *Colorado River* is the appropriate doctrine to be applied in this lawsuit, this court would have to abstain from ruling in this matter, either by staying the case pending the outcome of the State Lawsuit, or by dismissing this lawsuit altogether.

*Colorado River* jurisprudence requires the balancing of the following factors:

*Colorado River* identified four factors that a district court should consider when determining whether "exceptional circumstances" overcome its general duty to exercise jurisdiction. These factors are: (1) whether another court has assumed jurisdiction over property, (2) whether the federal forum is inconvenient, (3) whether it is desirable to avoid piecemeal litigation, and (4) the order in which jurisdiction was obtained by the concurrent forums. Later, in *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Supreme Court added two additional factors to the *Colorado River* test. These factors are: (1) whether the federal law provides the rule of decision and (2) whether the state court proceedings are inadequate to protect the

---

[5] AIX's complaint, in its prayer for relief, requests the following:

> 5. To enjoin these Defendants from initiating or prosecuting any suit or action against AIX, including post judgment remedial action or garnishment, until such time as the Court has declared the rights and duties of the parties requested above;
>
> 6. For cost of suit incurred herein, including attorney's fees and costs, and
>
> 7. For such other relief as the Court may deem just and proper.

[Docket no. 1, PP. 9-10, ¶¶ 5-7].

> federal court plaintiff's rights. Id. at 25–26, 103 S.Ct. at 942. In *Moses Cone*, the Court stressed the very limited nature of abstention under the *Colorado River* doctrine and noted that a decision to dismiss did not rest on "a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id*. at 15–17, 103 S.Ct. at 937.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 589 (5th Cir. 1994).

*Brillhart* and *Colorado River* are two standards which United States District Courts may choose when to apply faced with the prospect of parallel state and federal litigations. While both standards concern the declination of the exercise of jurisdiction, *Colorado River* is much more stringent, in that it cannot be applied unless a more comprehensive test has been satisfied. *Brillhart* allows this court to decline exercising its jurisdiction where the "federal suit is purely declaratory." *American Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005). Both *Brillhart* and *Colorado River* are discretionary with the district court which does not have to choose to deny exercising its own jurisdiction even if either, or both standards apply. *Id*.

This court, however, is unconvinced that it should exercise its discretion and dismiss the lawsuit *sub judice*. This court is not persuaded to accept either invitation offered by the parties herein. The instant action featuring AIX was filed here before AIX was joined as a party in state court. The key issue presented here is simply whether AIX' insurance policy covers the tragic occurrence when Frederick Williams was slain at the Pebble Creek Apartments. This court, over the years, has ruled on such issues on a regular basis; so, the court is thoroughly familiar with that body of law. Further, relative to the speedy disposition of this matter, this court plans to hear arguments and rule on this matter expeditiously. This court's ruling on this issue will not disrupt the state court's address of liability of the other parties; this court's future ruling will only decide the issue of coverage.

B.  *Motion for Leave to File Amended Complaint [Docket no. 14]*

AIX filed its Motion for Leave to File an Amended Complaint **[Docket no. 14]** on November 4, 2016, asking this court to allow it to file an amended complaint. Under the proposed amended complaint, AIX would dismiss its claims to recover "attorney's fees and costs it incurred in the defense" of B&B and Pebble Creek. [Docket no. 14].

B&B and Pebble Creek urge this court to deny AIX' Motion for Leave to File Amended Complaint **[Docket no. 14]** but fail to provide this court with any arguments about how they would be prejudiced by the filing of the Amended Complaint. They argue, instead, that AIX is engaging in "the worst kind of abusive, dishonest gamesmanship." [Docket no. 16]. Pebble Creek and B&B alternatively campaign that they would not oppose a dismissal of the attorney's fees and expenses claim from AIX' complaint, so long as this court dismisses it with prejudice.

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend should be freely given when justice so requires. In interpreting Rule 15, the Fifth Circuit has stated that a district court's "discretion to deny a litigant leave to amend under Federal Rule of Civil Procedure 15(a) . . . is limited because Rule 15 evinces a bias in favor of granting leave to amend." *Goldstein v. MCI Worldcom*, 340 F.3d 238, 254 (5th Cir. Miss. 2003). Leave to amend is not automatic, and denials have been upheld "when the moving party engaged in undue delay, . . . or [where there is] undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment as plausible reasons for a district court to deny a party's request for leave to amend." *Id*.

This court is unpersuaded by the arguments of Pebble Creek and B&B. They have failed to address how they would be prejudiced by the filing of the amended complaint. This court finds, to the contrary, Pebble Creek and B&B would benefit from the filing of the amended

complaint: they would no longer be in jeopardy of reasonable attorney's fees and expenses in the underlying state litigation. Furthermore, this court finds there is no undue delay in the filing of the amended complaint: the amended complaint would undeniably simplify this lawsuit. Therefore, this court hereby GRANTS AIX' Motion for Leave to File an Amended Complaint. **[Docket no. 14]**.

## V. CONCLUSION

This court is convinced the complaint in this case may be dismissed at this court's discretion, but this court chooses not to exercise that discretion.

IT IS THEREFORE ORDERED AND ADJUDGED that the Defendants' Motions to Dismiss **[Docket nos. 4 & 5]** are hereby DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that AIX's Motion for Leave to File Amended Complaint **[Docket no. 14]** is hereby GRANTED.

FINALLY, IT IS ORDERED AND ADJUDGED that the parties are to appear before this court on April 18, 2017 at 2:00 p.m. for oral arguments on the issue of coverage.

**SO ORDERED this 30th day of March, 2017.**

**s/ HENRY T/ WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**